<u>**NOT FOR PUBLICATION**</u>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| PETER BEASLEY,<br><br>         Plaintiff,<br><br>v.<br><br>SOCIETY FOR INFORMATION<br>MANAGEMENT, *et al.*,<br><br>         Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br><br>No. 25-4211-KMW-EAP<br><br>**MEMORANDUM OPINION AND**<br>**ORDER** |

      **THIS MATTER** comes before the Court by way of plaintiff Peter Beasley's ("Plaintiff")

Application for an Immediate *Ex Parte* TRO, (Dkt. No. 41); Defendant Judge Gena Slaughter's

("Judge Slaughter") Motion to Dismiss (Dkt. No. 8); Plaintiff's Motion for Leave to Amend his

Complaint (Dkt. No. 13); Plaintiff's Motion for Limited Jurisdictional Discovery (Dkt. No. 17);

and Plaintiff's Motion for "Accelerated Consideration" of various pending motions (Dkt. No. 36).

      **WHEREAS,** Plaintiff's Application for an Immediate *Ex Parte* TRO, (Dkt. No. 41) seeks

to enjoin Judge Slaughter or any other Texas official from taking any further action in the matter

captioned *Beasley v. Society for Information Management, Dallas Area Chapter, et al.*, bearing

Cause No. DC-23-00573, which is currently pending in the 191st Judicial District Court of Dallas

County, Texas (*see* Dkt. No. 41); and

      **WHEREAS,** Judge Slaughter has moved to dismiss for, *inter alia*, lack of personal

jurisdiction (Dkt. No. 8); and

      **WHEREAS,** "[b]efore a district court may hear a case, it must have both personal

jurisdiction and venue," and "[i]n the absence of a *prima facie* showing of specific or general

jurisdiction, this Court cannot proceed to adjudicate the merits of the dispute, *Streetlife Int'l GmbH v. Johnson*, No. CV 24-7344 (SDW) (JBC), 2025 WL 2806761, at *1 (D.N.J. Oct. 2, 2025); and

**WHEREAS,** this Court "may exercise personal jurisdiction over a defendant in a civil case only if it has the authority to do so from a source of positive law (such as a statute or a rule of civil procedure) and if exercising jurisdiction would not violate the outer limits set by the Due Process Clauses of the Fifth and Fourteenth Amendments," *Aldossari on Behalf of Aldossari v. Ripp*, 49 F.4th 236, 257 (3d Cir. 2022); and

**WHEREAS,** a "defendant may be subject to suit consistent with the constitutional guarantee of due process only if he has 'certain minimum contacts with the State such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice,'" *id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011)); and

**WHEREAS,** "[p]ersonal jurisdiction can either be general or specific," *id.* "General (or 'all-purpose') jurisdiction permits a court to hear any and all claims against a defendant brought within a certain forum, even if those claims have nothing to do with any actions the defendant took in the forum." *Id.* "The paradigmatic forum for the exercise of general jurisdiction 'is the individual's domicile.'" *Id.* (quoting *Goodyear*, 564 U.S. at 919); and

**WHEREAS,** Plaintiff alleges that Judge Slaughter is a citizen of Texas (*see* Am. Compl., Dkt. No. 5 at ¶ 31). Thus, the Court does not possess general personal jurisdiction over Judge Slaughter; and

**WHEREAS,** specific personal jurisdiction is "case-specific" and "may be exercised if a plaintiff's claims 'arise out of or relate to the defendant's contacts with the forum,'" *Aldossari*, 49 F.4th at 258 (quoting *Bristol-Myers Squibb Co. v. Superior Ct.*, 137 S. Ct. 1773, 1780 (2017)).

"[T]he defendant's suit-related conduct must create a substantial connection with the forum State," giving rise to a "relationship among the defendant, the forum, and the litigation." *Id.*; and

**WHEREAS,** Plaintiff does not allege any such relationship connecting Judge Slaughter or her alleged conduct in this case to New Jersey, (*see* Am. Compl., Dkt. No 5); and

**WHEREAS,** "[t]he doctrine of judicial immunity is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit . . . ." *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000)). Judicial immunity is overcome in only two sets of circumstances, actions not taken in the judge's judicial capacity or actions, though judicial in nature, taken in the complete absence of all jurisdiction."[1] *Mireles v. Waco*, 502 U.S. 9, 11- 12 (1991); and

**WHEREAS,** all of Judge Slaughter's alleged conduct arises out of her official capacity in adjudicating a judicial proceeding in Texas state court, (*see generally* Am. Compl., Dkt. No. 5). Specifically, Plaintiff alleges that Judge Slaughter conspired with counsel for Defendant Society for Information Management's Dallas Area Chapter to deprive Plaintiff of his constitutional rights in state court litigation before Judge Slaughter by "particapt[ing] in expulsion proceedings against Plaintiff, fabricat[ing] records to support unauthorized court actions, and solicit[ing] or ratif[ying] the intervention of state courts to declare Plaintiff a vexatious litigant without lawful basis." (*See* Am. Compl., Dkt. No. 5 at ¶ 237.) Plaintiff also alleges that in furtherance of the conspiracy, Judge Slaughter refused to entertain Plaintiff's constitutional challenge to the "Texas Vexatious Litigant" statute. (*See id.* at ¶ 240); and

---

[1] While the Court does not reach the merits of Plaintiff's case due to its lack of personal jurisdiction over Judge Slaughter, the Court further notes that 28 U.S.C. § 2283 specifically prohibits this Court from granting "an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

**WHEREAS,** Plaintiff "bears the ultimate burden of demonstrating the facts that establish personal jurisdiction." *Id.* n.31; and

**WHEREAS,** the Court finds that Plaintiff's allegations do not satisfy his burden of demonstrating that the Court may exercise specific personal jurisdiction over Judge Slaughter; and

**WHEREAS,** the Court has reviewed Plaintiff's Motion for Leave to Amend (Dkt. No. 13) his Amended Complaint and finds that Plaintiff's proposed Second Amended Complaint suffers the same jurisdictional deficiencies as to Judge Slaughter; and

**WHEREAS,** Plaintiff's request to enjoin other undisclosed Texas state officials faces similar jurisdictional deficiencies, in that Plaintiff has not demonstrated specific personal jurisdiction over any other Texas state official with respect to this action; and

**WHEREAS,** the Third Circuit has held that "jurisdictional discovery is not available merely because the plaintiff requests it." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 n.38 (3d Cir. 2015). "[O]nly those plaintiffs who have provided some basis to believe jurisdiction exists are entitled to discovery on that issue." *Id.*; and

**WHEREAS,** the Court may deny a plaintiff's request for jurisdictional discovery where it is "clearly frivolous." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (quoting *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n,* 107 F.3d 1026, 1042 (3d Cir. 1997)). To obtain jurisdictional discovery, a plaintiff must present factual allegations that suggest "with reasonable particularity" the possible existence of the requisite "contacts between [the party] and the forum state." *Id.*; and

**WHEREAS,** Plaintiff does not allege with reasonable particularity that Judge Slaughter or any Texas state official engaged in any activity that establishes the requisite minimum contacts to

allow this Court to exercise jurisdiction over them, *see Lincoln Ben. Life Co.*, 800 F.3d at 108 n.38;

*Toys "R" Us, Inc.*, 318 F.3d at 456; and

 **WHEREAS,** the Court finds that Plaintiff's request for jurisdictional discovery is

frivolous.

 **CONSEQUENTLY**, for all the foregoing reasons, and for good cause shown;

 IT IS HEREBY on this  27th  day of **October**, 2025, **ORDERED** as follows:

(1) Plaintiff's Application for an Immediate *Ex Parte* TRO (Dkt. No. 41) is **DENIED**.

(2) Judge Slaughter's Motion to Dismiss (Dkt. No. 8) is **GRANTED**.

(3) Plaintiff's Motion for Leave to Amend his Complaint (Dkt. No. 13) is **DENIED**.

(4)  Plaintiff's Motion for Limited Jurisdictional Discovery (Dkt. No. 17) is **DENIED**.

(5) Plaintiff's Motion for "Accelerated Consideration" (Dkt. No. 36) is **DENIED as moot**.

(6) The Court **RESERVES** decision on all motions that remain pending.

*Karen M. Williams*
_____
KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE