THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| PETER BEASLEY,<br><br>    **Plaintiff,**<br><br>  **v.**<br><br>SOCIETY FOR INFORMATION<br>MANAGEMENT, et al.,<br><br>    **Defendants.** | Civil No. 25-4211 (KMW/EAP) |

## OPINION

This matter comes before the Court on Plaintiff's Motion for Leave of Court to File Plaintiff's Second Contested Amended Complaint, ECF No. 62 ("Pl.'s Mot."). Multiple Defendants have filed oppositions, including Defendant Judge Gena Slaughter, ECF No. 81 ("Slaughter Opp.") and ECF No. 82 ("Slaughter Br."); Defendant Foley & Lardner, ECF No. 98 ("F&L Opp."); and Defendants Nellson Burns, Ayotunde Gibbs, Janis O'Bryan, Society for Information Management Dallas Area Chapter, and Society for Information Management, ECF No. 99 ("SIM Defs.' Opp."). Plaintiff filed a reply brief in support of his Motion, ECF No. 118 ("Pl.'s Reply").

The Court now decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1. For the following reasons, and for good cause shown, Plaintiff's Motion is **DENIED** as to Defendant Judge Slaughter and **DENIED WITHOUT PREJUDICE** as to all other Defendants.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 12, 2025, Plaintiff filed suit challenging his expulsion as a member of the Society for Information Management, Dallas Area Chapter ("SIM-DFW"), his pursuit of litigation from that

expulsion, and the Texas state court's refusal to entertain his claims.  ECF No. 1 (Compl.).  On June

3, 2025, before any Defendant answered, Plaintiff amended his Complaint as a matter of right. *See*

*generally* ECF No. 5 (Am. Compl.).  The Amended Complaint alleges that the case "concerns a

commercial bribery scheme and a conspiracy among individual nonprofit board members, private

attorneys, and corporate actors, to deprive the civil rights of [Plaintiff] that destroyed [his]

multimillion-dollar business, tarnished his professional reputation, and subjected him to ongoing

racial discrimination, with a follow-on cover-up by Texas state judges, and judicial administrative

officials to protect a well-connected colleague, [SIM Member] Peter Vogel." *Id.* ¶ 1.  He further

contends that Vogel and SIM-DFW President Janis O'Bryan orchestrated his expulsion from SIM

International and SIM Dallas without explanation, without adequate notice to allow him to retain

counsel, without a quorum, without sufficient votes, and "by giving [him] the wrong address for the

board meeting." *Id.* ¶¶ 2, 4.

In the Amended Complaint, Plaintiff names the following Defendants:  SIM National; SIM-

DFW; Janis O'Bryan, 2016 SIM-DFW President; Nellson Burns, 2017 SIM-DFW President; Joan

Holman, SIM National Treasurer; Blake Holman, 2025 SIM-DFW President; Ayotunde Gibbs, the

Board Secretary for SIM-DFW; the Honorable Stephanie Huff, presiding judge of the 291st Judicial

District Court of Texas; the Honorable Gena Slaughter, the presiding judge of the 191st Judicial

District Court of Texas; the Honorable John Roach, Jr., the presiding judge of the 296th Judicial

District Court of Texas; Jacqueline R. Habersham, the Executive Director of the Texas State

Commission on Judicial Conduct; Megan LaVoie, the Administrative Director for the Texas Office

of Court Administration and Executive Director of the Texas Judicial Council; Peter Vogel, Esquire,

a SIM-DFW member, attorney, and IT expert; Gordon Rees Scully Mansukhani, LLP, Robert

Bragalone, Esquire, and Soña Garcia, Esquire, all of whom represented SIM-DFW and its members

in prior Texas litigation; and Foley & Lardner, LLP, a law firm that formerly represented SIM-DFW against Beasley in the Texas litigation.  Am. Compl. ¶¶ 25-40.

On July 8, 2025, Judge Slaughter filed a motion to dismiss the Amended Complaint against her.  ECF No. 8.  Thereafter, on August 13, 2025, Plaintiff filed a second amended complaint.  ECF No. 11.  The Court struck that pleading under Federal Rule of Civil Procedure 15(a)(2) because Plaintiff had already amended once as a matter of course, and he neither obtained consent from the opposing parties nor sought leave of Court.  ECF No. 12 (Order).

Plaintiff subsequently filed a motion for leave to file a second amended complaint.  ECF No. 13.  Two weeks later, on September 11, 2025, Defendants Ayotunde Gibbs, Society for Information Management Dallas Area Chapter, and Society for Information Management filed a motion to dismiss the Amended Complaint.  ECF No. 26 ("SIM Defs.' MTD").  On October 27, 2025, the Court issued a Memorandum Opinion and Order granting Judge Slaughter's motion to dismiss for lack of personal jurisdiction and on grounds of judicial immunity and denying Plaintiff's motion for leave to amend because the proposed second amended complaint suffered from the same jurisdictional deficiencies as to Judge Slaughter.  ECF No. 47 ("Mem. Op.").  The Court reserved ruling on the SIM Defendants' Motion to Dismiss.

On November 10, 2025, Plaintiff filed the present Motion for Leave of Court to File Plaintiff's Second Amended Complaint.  Pl.'s Mot.  He contends that his proposed Second Amended Complaint ("Proposed SAC"), ECF No. 64—totaling 121 pages in length—seeks to "resolve the Court's jurisdictional concerns and streamline his complaint," Pl.'s Mot. at 2, including the following:

- Eliminates language that may have suggested that all of Judge Slaughter's alleged conduct arose out of her official capacity adjudicating a judicial proceeding in Texas state court.  According to Plaintiff, the Proposed SAC alleges facts that Judge Slaughter's and

3

Judge Huff's actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." *Id.*

- Provides details of the plan "mastermind[ed]" by Defendant Vogel to rely on the "specious use of the unconstitutionally vague Texas Vexatious Litigant Act ('VLA')." *Id.*

- "Reframes the complaint's support, given Texas Judge Slaughter's recent October 23, 2025 judicial disqualification[.]" *Id.* at 3.

- Provides newly discovered details of how the Texas judiciary disparately treats Black female judges and shows how Texas uses the "vexatious litigant declaration" more frequently against Black people like Plaintiff. *Id.*

- Adds facts supporting personal jurisdiction. *Id.* at 4.

- Highlights a new precedent from the Texas Court of Appeals for the Fifth District at Dallas.

- Adds "the factual predicate" to support his claims under 42 U.S.C. §§ 1983 and 1985 and 18 U.S.C. § 1964. *Id.*

- "[A]dds a section 1986 claim, Neglect to Prevent." *Id.*

- "[A]dds a section 1985(2) claim, Obstruction of Justice." *Id.*

- Reorders his claims beginning with the federal claims and followed by the state law claims. *Id.*

- Eliminates his request for an order of mediation, which is inconsistent with his claim for $51 million in damages. *Id.*

- Removes the claim for federal injunctive relief against Judge Slaughter. *Id.* at 5.

- Removes all claims against Texas state Judge John Roach. *Id.*

- "[W]ithdraws his derivative claim against SIM-DFW for civil barratry statutory damages, without prejudice[.]" *Id.*

- Removes his allegation of violations of 18 U.S.C. § 1505. *Id.*

- Withdraws his claim under Rule 60(d) to obtain injunctive relief from Texas state officials, Habersham and LaVoie. *Id.*

- Adds a claim for breach of contract under New Jersey law. *Id.* at 6.

- Adds a Texas state law breach of contract/fraudulent inducement claim. *Id.*

- Adds a Texas breach of fiduciary duty claim. *Id.*

- Addresses the deficiencies alleged in the SIM Defendants' motion to dismiss. *Id.* at 7.

Following Plaintiff's filing of this Motion, many of the remaining Defendants joined the SIM Defendants in moving to dismiss the Amended Complaint, including Defendants O'Bryan and Burns, ECF No. 75; Defendant Foley & Lardner, LLP, ECF No. 76; Defendant Habersham, ECF No. 79; Defendant LaVoie, ECF No. 83; Defendant Judge Huff, ECF No. 95; and Defendants Gordon Rees Scully Mansukhani LLP, Sonia Garcia, and Robert Bragalone, ECF No. 110.

In addition, as noted above, multiple Defendants[1] have opposed Plaintiff's Motion for Leave to File a Second Amended Complaint, and Plaintiff has filed a reply brief. The Motion is now ripe for disposition.

**STANDARD OF REVIEW**

Rule 15(a) governs amendments to pleadings before trial. A party may amend its pleading once as a matter of course within either twenty-one days after serving it; or if the pleading is one to which a responsive pleading is required, the earlier of twenty-one days after service of a responsive pleading or twenty-one days after a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1).

---

[1] Defendants Judge Slaughter, Foley & Lardner, Burns, Gibbs, O'Bryan, Society for Information Management Dallas Area Chapter, and Society for Information Management, ECF No. 81, 98, and 99, have filed their respective oppositions to the current Motion. Defendants Judge Huff, Habersham, LaVoie, Sona Garcia, Robert Bragalone, and Gordon Rees Scully Mansukhani, LLP have not opposed the filing of the Proposed SAC but have moved to dismiss all claims in the Amended Complaint. *See* ECF Nos. 79, 83, 95, 110. Defendants Blake and Joan Holman have not yet been served and are the subject of a pending motion for alternative service. ECF No. 53. Defendant Peter Vogel has also not been served, and thus, has not responded to the Amended Complaint.

If those deadlines have expired, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*.

The Third Circuit has adopted a liberal approach to the amendment of pleadings. *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019); *see also Donovan v. W. R. Berkley Corp.*, 566 F. Supp. 3d 224, 229 (D.N.J. 2021) ("Generally, there is a presumption in allowing the moving party to amend its pleadings."). However, the Court may deny a motion for leave to amend in one of four instances: (1) the amendment would be futile; (2) the moving party has demonstrated undue delay, bad faith, or dilatory motives; (3) the amendment would prejudice the non-moving party; or (4) the moving party was put on notice of deficiencies in its pleading but chose not to resolve them. *U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P.,* 769 F.3d 837, 849 (3d Cir. 2014) (quotations omitted). Ultimately, leave to amend lies within the sound discretion of the court. *Arab Afr. Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

## DISCUSSION

As noted above, Defendants have filed three separate oppositions to Plaintiff's Motion for Leave to File a Second Amended Complaint. For clarity of discussion, the Court first addresses the Motion only as to Judge Slaughter, and then addresses the Motion as it pertains to all other responding Defendants.

### A.    **Defendant Judge Slaughter**

The Court has already dismissed all claims against Judge Slaughter on grounds of personal jurisdiction and judicial immunity. In his Proposed SAC, Plaintiff attempts to cure the deficiencies in his claims against Judge Slaughter, who opposes the filing of the Second Amended Complaint on futility grounds.

6

"Futility"—as applied to the amendment of a complaint under Federal Rule of Civil Procedure 15—"means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Accordingly, the futility of an amended complaint is governed by the same standards of legal sufficiency as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir. 2010). Under these standards, a court must accept all factual allegations in a proposed amended complaint as true and view them in the light most favorable to the plaintiff. *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022). Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). Moreover, a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Here, Judge Slaughter contends that all claims against her have been dismissed and that Plaintiff's Proposed SAC fails to overcome those deficiencies. Specifically, she asserts that the Proposed SAC fails to show that (1) the Court has personal jurisdiction over her; or (2) judicial immunity does not bar Plaintiff's claims. *See* Slaughter Br. at 4-7.[2] Upon consideration, the Court agrees.

---

[2]  Judge Slaughter also raises several additional arguments, including that (1) Plaintiff has not met the standard under Federal Rule of Civil Procedure 15(a)(2) of showing that "justice so requires" the amendment; (2) there is a lack of a "justiciable controversy"; (3) she is protected by Eleventh Amendment immunity; and (4) any amendment would result in prejudice to her. *See* Slaughter Br. at 3-9. Because the Court finds merit in Judge Slaughter's futility argument based on personal jurisdiction and judicial immunity, the Court need not address these remaining arguments.

1.        Personal Jurisdiction

Federal courts may exercise personal jurisdiction to the same extent as the courts of the state in which the district court sits.  Fed. R. Civ. P. 4(k)(1)(A).  The New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of the Fourteenth Amendment's Due Process Clause.  *Barrett v. Tri-Coast Pharm., Inc.*, 518 F. Supp. 3d 810, 821 (D.N.J. 2021).  The Fourteenth Amendment requires that the defendant have "certain minimum contacts" with the forum and that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007) (alterations omitted) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  This due process limit is defined by a two-pronged test.  First, "the defendant must have made constitutionally sufficient 'minimum contacts' with the forum."  *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods.*, 75 F.3d 147, 150 (3d Cir. 1996) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).  "Second, if 'minimum contacts' are shown, jurisdiction may be exercised where the court determines, in its discretion, that to do so would comport with 'traditional notions of fair play and substantial justice.'" *Id.* at 150-51 (quoting *Int'l Shoe Co.*, 326 U.S. at 316).

Minimum contacts over a non-resident defendant may be analyzed in the context of general jurisdiction or specific jurisdiction.  *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 334 (3d Cir. 2009).  General jurisdiction exists where a non-resident defendant has "continuous and systematic" contacts with the forum state.  *Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014).  Specific jurisdiction exists when "a non-resident defendant has 'purposefully directed' his activities at a resident of the forum and the injury arises from or is related to those activities."  *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001) (quoting *Burger King*, 471 U.S. at 472).

Here, the Court does not maintain general jurisdiction over Judge Slaughter because she is a Texas resident without "continuous and systematic" contact with New Jersey.  As to specific

8

jurisdiction, the Proposed SAC asserts only that Judge Slaughter is a "Texas Judge for the 191st Judicial District of Dallas County[.]" Proposed SAC at 1; *see also id.* ¶ 44. Plaintiff alleges that, on December 30, 2017, he filed a lawsuit in Texas to seek damages against Defendant SIM-Dallas and two of its officers for "publicly announcing that [Plaintiff] had been purportedly expelled from membership and for alleged defamation[.]" *Id.* ¶ 5. Three lawyers—Defendants Vogel, Garcia, and Bragalone—entered their appearances on behalf of Defendant SIM-Dallas. *Id.* Thereafter, Plaintiff claims that these attorneys prearranged with two Texas state judges—one of whom is Judge Slaughter—"to declare Beasley a vexatious litigant, impose an insurmountable bond requirement on him, and then dismiss his claims against SIM." *Id.* ¶ 8. After the first Texas state judge recused, Judge Slaughter was assigned to the case and "based on the alleged prearrangement, without any jurisdiction to do so, she declared [Plaintiff] to be a vexatious litigant," imposed a $422,064 bond on him, and ultimately dismissed his lawsuit. *Id.* ¶ 9.

These allegations solely relate to Judge Slaughter's activities as a Texas judge in a Texas case involving a Texas plaintiff and fail to connect either her conduct or the underlying events to New Jersey. To overcome this deficiency, Plaintiff attempts to invoke the *Calder* effects test, under which "an intentional tort directed at the plaintiff and having sufficient impact upon it in the forum may suffice to enhance otherwise insufficient contacts with the forum such that the 'minimum contacts' prong of the Due Process test is satisfied." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 260 (3d Cir. 1998) (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 (1984); *Calder v. Jones*, 465 U.S. 783 (1984)). A plaintiff may invoke this test if he or she alleges facts that meet the following conditions: "(A) the defendant committed an intentional tort; (B) plaintiff must have felt the brunt of the harm caused by that tort in the forum such that the forum was the focal point of the harm suffered by the plaintiff as a result of that tort; and (C) defendant 'expressly aimed' his tortious

9

conduct at the forum." *Austar Int'l Ltd. v. AustarPharma LLC*, 425 F. Supp. 3d 336, at 360-61 (D.N.J. 2019) (citing *Calder*, 465 U.S. at 789-90; *IMO Indus.*, 155 F.3d at 266).

To support his theory of personal jurisdiction under the *Calder* effects test, Plaintiff's Proposed SAC adds the following allegations:

> 66.    Plaintiff alleges intentional, ultra vires acts by **Judge Slaughter**—including her agreement with private defendants to declare Plaintiff a 'vexatious litigant' and to suppress his constitutional claims—that were designed to protect a racketeering enterprise operating through the Society for Information Management ("SIM National"). Second, those acts were expressly aimed at New Jersey where SIM National is incorporated and headquartered (Mount Laurel, N.J.) and where its insurance contracts, financial operations, and administrative control were located. By using her judicial office to silence and discredit Plaintiff and to shield SIM National's leadership, Judge Slaughter purposefully directed the effects of her conduct toward this District. Third, the resulting harm—loss of membership, reputational injury, and economic destruction tied to SIM National's activities—manifested in New Jersey, where the enterprise's decisions were implemented and where Plaintiff's professional standing within the national organization was centered. The foreseeable impact of her actions was therefore felt squarely within this forum.

> 67.    In particular, the effect of the vexatious ruling, entered illegally based on a prearranged agreement between Judge Slaughter and the litigants before her, harms [Plaintiff] constantly, potentially for the rest of his life. **A simple Google Internet** search lists [Plaintiff] as a 'vexatious litigant,' on a list maintained by Defendant **LaVoie**, which discredits him, worldwide, including New Jersey, and harms his ability, among other things, to get married, keep employment as an executive, enter into business relationships, lead teams of people, form coalitions of people, and seek justice in judicial forums. Her actions in Texas were foreseeably and actually directed toward this forum, satisfying the Calder effects test for specific personal jurisdiction over Texas Judge Gena Slaughter.

*Id.* ¶¶ 66-67 (emphasis in original).

Such allegations fall short of establishing personal jurisdiction. Nothing in the Proposed SAC shows that Plaintiff felt the brunt of Judge Slaughter's alleged acts in New Jersey. Indeed, according to the Proposed SAC, Judge Slaughter—while working as a Texas state judge in a Texas

10

court on a case brought by Plaintiff in Texas—declared Plaintiff to be a "vexatious litigant" under a Texas state doctrine. Even assuming such conduct was wrongful, it is undisputed that Plaintiff, a Texas resident, faced the brunt of the harm in Texas. Any incidental benefit obtained by New Jersey-based Defendant SIM does not establish that New Jersey was the focal point of the harm. Moreover, to the extent Plaintiff claims that he suffered harm to his reputation "worldwide, including New Jersey[,]" Proposed SAC ¶ 67, there is "'a critical difference between an act which has an effect in the forum and one directed at the forum itself.'" *Click Go & Buy Inc. v. IT Assets, Inc.*, No. 24-744, 2024 WL 5252474, at *8 (D.N.J. Dec. 31, 2024) (quoting *Surgical Laser Techs., Inc. v. C.R. Bard, Inc.*, 921 F. Supp. 281, 285 (E.D. Pa. 1996)). "[A]bsent some conduct by [Judge Slaughter] directed at [New Jersey] rather than simply directed at [P]laintiff, New Jersey is not a reasonably foreseeable forum." *Surgical Laser Techs., Inc.*, 921 F. Supp. at 285 n.6.

Because nothing in Plaintiff's Proposed SAC establishes either that Judge Slaughter expressly aimed any conduct towards New Jersey or that Plaintiff felt the brunt of any harm in New Jersey, Plaintiff has not established that this Court has any personal jurisdiction over Defendant Judge Slaughter. In turn, Plaintiff's proposed claims against Judge Slaughter are futile.

### 2.    Judicial Immunity

Alternatively, Judge Slaughter contends that because all of the alleged actions attributed to her in the Proposed SAC were taken in her official capacity in adjudicating a Texas state judicial proceeding, she maintains judicial immunity.

Judicial officers are immune from damage suits arising out of their official duties. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Judicial immunity may be overcome only when (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the

11

challenged actions, "though judicial in nature, [were] taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). "Generally, [however], where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Figueroa v. Blackburn*, 208 F.3d 435, 441 (3d Cir. 2000) (cleaned up). Notably, "[a] judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of h[er] authority . . ." *Stump*, 435 U.S. at 356; *see also Forrester v. White*, 484 U.S. 219, 227 (1988) (observing that an act "does not become less judicial by virtue of an allegation of malice or corruption of motive"); *Cleavinger v. Saxfner*, 474 U.S. 193, 200 (1985) ("Nor can this exemption of the judges from civil liability be affected by the motives with which their judicial acts are performed." (internal quotation omitted)).

Here, the Court previously found that the Amended Complaint's allegations against Judge Slaughter were barred by judicial immunity:

> [A]ll of Judge Slaughter's alleged conduct arises out of her official capacity in adjudicating a judicial proceeding in Texas state court, (*see generally* Am. Compl., Dkt. No. 5). Specifically, Plaintiff alleges that Judge Slaughter conspired with counsel for Defendant Society for Information Management's Dallas Area Chapter to deprive Plaintiff of his constitutional rights in state court litigation before Judge Slaughter by "participat[ing] in expulsion proceedings against Plaintiff, fabricat[ing] records to support unauthorized court actions, and solicit[ing] or ratif[ying] the intervention of state courts to declare Plaintiff a vexatious litigant without lawful basis." (*See* Am. Compl., Dkt. No. 5 at ¶ 237.) Plaintiff also alleges that in furtherance of the conspiracy, Judge Slaughter refused to entertain Plaintiff's constitutional challenge to the "Texas Vexatious Litigant" statute. (*See id.* at ¶ 240).

Mem. Op. at 3.

Plaintiff's efforts to cure these deficiencies in the Proposed SAC fail. Specifically, Plaintiff alleges that (1) "Judge Slaughter acted in the clear absence of jurisdiction by issuing a vexatious litigant order without making the two statutory findings required under Texas Civil Practice and

12

Remedies Code § 11.054"; and (2) "Judge Slaughter's actions were non-judicial in nature because they were not the product of neutral adjudication but were instead carried out as part of a prearranged scheme with private parties and members of the Society for Information Management, Dallas Area Chapter, to predetermine the outcome of proceedings against Plaintiff." Proposed SAC ¶¶ 116-17. Plaintiff, however, offers no supporting factual allegations to substantiate these conclusory and speculative statements. *See Hindermyer v. B. Braun Med. Inc.*, 419 F. Supp. 3d 809, 817 (D.N.J. 2019) (holding that the court should "'peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth.'" (quotation omitted)). Moreover, even considering their substance, such allegations fail to abrogate judicial immunity. Plaintiff expressly alleges that, on April 19, 2018, in Dallas County, Texas, Defendants SIM-DFW, Burns, and O'Bryan filed a vexatious litigant motion against him, and that motion was heard on September 20, 2018, before Judge Slaughter in the course of a judicial proceeding. *Id.* ¶¶ 132, 136; *see also id.* ¶¶ 136-58. Plaintiff therefore concedes that Judge Slaughter was performing a judicial function within the jurisdiction of the state court. Nothing in the Proposed SAC suggests that any of Judge Slaughter's actions were extra-jurisdictional. To the extent Plaintiff contends that Judge Slaughter failed to make the findings required by Texas's Vexatious Litigant Statute or otherwise conspired with SIM-DFW to have Plaintiff declared a vexatious litigant, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ." *Stump*, 435 U.S. at 356.

In short, because Plaintiff has failed to plausibly allege that Judge Slaughter acted outside of her judicial role or in the absence of jurisdiction, judicial immunity bars Plaintiff's proposed claims against her. And because the Court finds that Plaintiff's proposed claims against Judge Slaughter are futile, Plaintiff's motion for leave to file a SAC as to Judge Slaughter is denied.

13

B.    **Defendants Foley & Lardner; Nellson Burns; Ayotunde Gibbs; Janis O'Bryan; Society for Information Management Dallas Area Chapter; Society for Information Management**

Defendant Foley & Lardner, Nellson Burns, Ayotunde Gibbs, Janis O'Bryan, the Society for Information Management Dallas Area Chapter, and the Society for Information Management have also separately opposed Plaintiff's Motion for Leave to File a Second Amended Complaint on futility grounds. *See* ECF Nos. 98, 99. Given the procedural posture outlined below, the Court finds that Plaintiff's Motion as to the remaining Defendants is premature.

A review of the procedural history provides some perspective. Plaintiff filed this lawsuit on May 12, 2025. *See* Compl. On June 3, 2025, Plaintiff filed his Amended Complaint as a matter of right. *See* Am. Compl. Thereafter, Judge Slaughter moved to dismiss the Amended Complaint. ECF No. 7. Without seeking leave of Court, Plaintiff filed a Second Amended Complaint on August 13, 2025. ECF No. 11. The Court struck that pleading as improperly filed under Federal Rule of Civil Procedure 15(a)(2). ECF No. 12. On August 19, 2025, Plaintiff filed a motion for leave to file a second amended complaint. ECF No. 13. A few weeks later, on September 11, 2025, Defendants Ayotunde Gibbs, Society for Information Management Dallas Area Chapter, and Society for Information Management filed a Motion to Dismiss the Amended Complaint. ECF No. 26. On October 27, 2025, the Court granted Defendant Judge Slaughter's motion to dismiss and denied Plaintiff's motion for leave to amend his complaint. *See* Mem. Op.

On November 10, 2025, Plaintiff filed the present Motion for Leave of Court to File Plaintiff's Second Contested Amended Complaint. Pl.'s Mot. Many of the remaining Defendants then timely moved to dismiss the Amended Complaint. *See* ECF No. 75 (Defendants O'Bryan and Burns); ECF No. 76 (Defendant Foley & Lardner, LLP); ECF No. 79 (Defendant Habersham); ECF No. 83 (Defendant LaVoie); ECF No. 95 (Defendant Judge Huff); and ECF No. 110 (Defendants Gordon Rees Scully Mansukhani LLP, Sonia Garcia, and Robert Bragalone). These Motions to

14

Dismiss—all of which remain pending—raise many of the same futility arguments as the parties' oppositions to Plaintiff's Motion for Leave to File a Second Amended Complaint.

Given this procedural landscape, the Court denies Plaintiff's Motion for Leave to File a Second Amended Complaint without prejudice.  Plaintiff has already filed two iterations of the Complaint, and Defendants have moved to dismiss the allegations against them under Federal Rule of Civil Procedure 12(b)(6).  Defendants' oppositions to the current Motion signal that their arguments apply with equal force to both the Amended Complaint and Proposed SAC.  *See* Pl.'s Reply (recognizing that Defendants' oppositions to the Motion to Amend "recycle their Rule 12 arguments wholesale—Rooker-Feldman, immunity statute of limitations, personal jurisdiction, Rule 8, attorney immunity[.]").  Because the Rule 12(b)(6) standard for dismissal aligns with the futility standard governing motions for leave to amend, *In re NAHC, Inc. Secs. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002), addressing the Defendants' futility objections now would duplicate the analysis already required by the pending Motions to Dismiss.  "In the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are 'better suited for consideration in the context of a motion to dismiss.'"  *Travelers Cas. & Surety Co. v. Becton Dickinson & Co.*, No. 14-4410, 2017 WL 349376, at *2 (D.N.J. Jan. 24, 2017) (quoting *In re Aetna UCR Litig.*, No. 07-3541, 2015 WL 3970168, at *8 (D.N.J. June 30, 2015)).  Judicial economy warrants consideration of the pending Motions to Dismiss prior to resolution of Plaintiff's Motion for Leave to File a Second Amended Complaint.

**CONCLUSION**

Because the Proposed SAC fails to cure the personal jurisdiction and judicial immunity deficiencies identified as to Judge Slaughter, the Court denies Plaintiff's Motion as to Judge Slaughter.  With respect to all other Defendants, however, the Court will deny Plaintiff's Motion without prejudice, pending resolution of the Motions to Dismiss.  An appropriate Order follows.


s/Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc:  Hon. Karen M. Williams, U.S.D.J.

16