<u>**NOT FOR PUBLICATION**</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| PETER BEASLEY, | HONORABLE KAREN M. WILLIAMS |
| Plaintiff, | Civil Action |
| v. | No. 25-4211-KMW-EAP |
| SOCIETY FOR INFORMATION MANAGEMENT, *et al.*, | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

**THIS MATTER** comes before the Court by way of Defendants Society for Information Management ("SIM National"), Society for Information Management Dallas Area Chapter ("SIM-DFW") and Ayotunde Gibbs' (collectively, "SIM Defendants") Motion to Dismiss (Dkt. No. 26); Plaintiff Peter Beasley's ("Plaintiff") Motions to Strike (Dkt. Nos. 35, 112), Motion for Leave to File a Sur-Reply (Dkt. No. 129), and Motion for Partial Summary Judgment (Dkt. No. 101); Defendants Janis O'Bryan and Nellson Burns' Motion to Dismiss (Dkt. No. 75); Defendant Foley & Lardner LLP's ("F & L") Motion to Dismiss (Dkt. No. 76) and Motion for Extension of Time (Dkt. No. 107); Defendant Jacqueline R. Habersham's ("Director Habersham") Motion to Dismiss (Dkt. No. 79); Defendant Director Megan LaVoie's ("Director LaVoie") Motion to Dismiss (Dkt. No. 83); Judge Stephanie Huff's ("Judge Huff") Motion to Dismiss (Dkt. No. 95); Gordon Rees Skully Mansukhani, LLP's ("GRSM") Motion to Dismiss (Dkt. No. 110); and Plaintiff's Motion Seeking Extension of Time and for Alternate Service (Dkt. No. 138).

The Court has considered the parties' submissions without oral argument pursuant to L.Civ.R. 78.1(b).

**WHEREAS**, Plaintiff's claims arise from long-running disputes litigated in Texas state courts concerning Plaintiff's expulsion from SIM-DFW, subsequent sanctions imposed against Plaintiff, and Plaintiff's designation as a vexatious litigant under Texas law (*see* Amended Complaint, Dkt. No. 5); and

**WHEREAS**, the SIM Defendants move to dismiss pursuant to Rules 12(b)(1), (2), and (6), arguing principally that this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, lacks personal jurisdiction over the Texas-based defendants, and that Plaintiff fails to plead plausible federal or state claims (*see* Dkt. No. 26-1); and

**WHEREAS**, Defendants O'Bryan and Burns likewise move to dismiss pursuant to Rules 12(b)(1), (2), (5), and (6), arguing additionally that service was untimely and insufficient under Rule 4(m) (*see* Dkt. No. 75-3); and

**WHEREAS**, F & L moves to dismiss pursuant to Rules 12(b)(1), (5), and (6), arguing that Plaintiff improperly seeks federal review of Texas state-court judgments, that Plaintiff's claims are untimely, and that F & L is protected by Texas attorney-immunity principles for litigation conduct undertaken while representing clients (*see* Dkt. No. 76-1); and

**WHEREAS**, Directors Habersham and LaVoie, both Texas officials sued in their official capacities, move to dismiss arguing lack of personal jurisdiction, lack of standing, Eleventh Amendment immunity, and failure to state a claim (*see* Dkt. Nos. 80, 84); and

**WHEREAS**, Judge Huff moves to dismiss arguing lack of personal jurisdiction, lack of standing, judicial immunity, Eleventh Amendment immunity, and that Plaintiff's claims constitute an improper collateral attack on Texas state-court rulings (*see* Dkt. No. 96); and

WHEREAS, GRSM, Garcia, and Bragalone move to dismiss arguing lack of personal jurisdiction, failure to state a claim, and that Plaintiff's claims are barred because they merely relitigate issues already resolved in Texas proceedings (*see* Dkt. No. 110-1); and

WHEREAS, a district court must undertake a two-step inquiry to assess whether it has personal jurisdiction over a defendant. First, the court analyzes whether the state's long arm statute permits the exercise of personal jurisdiction. *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) ("A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law."); Fed. R. Civ. P. 4(k). "Second, the court must apply the principles of due process." *WorldScape, Inc. v. Sails Capital Mgmt.*, No. 10–4207, 2011 WL 3444218, at *3 (D.N.J. Aug.5, 2011) (citing *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998)). "In New Jersey, this inquiry is collapsed into a single step because the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process." *IMO Indus., Inc.*, 155 F.3d at 259; and

WHEREAS, "Personal jurisdiction under the Due Process Clause depends upon 'the relationship among the defendant, the forum, and the litigation.'" *IMO Indus., Inc.*, 155 F.3d at 259 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). "There are two types of personal jurisdiction: general jurisdiction and specific jurisdiction . . . ." *Warner v. Warner*, No. 23-3334, 2024 WL 1198112, at *2 n.4 (D.N.J. Mar. 20, 2024) (citing *D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009)); and

WHEREAS, general jurisdiction exists only where a defendant's affiliations with the forum state are so continuous and systematic as to render the defendant essentially at home in the forum, while specific jurisdiction requires claims arising out of or relating to the defendant's

3

forum-related conduct, *see Daimler AG v. Bauman*, 571 U.S. 117, 135–39 (2014) (general jurisdiction ordinarily exists only where a corporation is "at home"); and

WHEREAS, specific personal jurisdiction exists where a defendant has purposefully directed its activities at the forum, the litigation arises out of or relates to at least one of those activities, and the maintenance of the suit does not offend traditional notions of fair play and substantial justice, *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 463 (1985) (holding specific personal jurisdiction exists where "an alleged injury arises out of or relates to actions by the defendant himself that are purposefully directed toward forum residents, and where jurisdiction would not otherwise offend 'fair play and substantial justice.'"); *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (specific jurisdiction requires claims arising out of defendant's forum-related conduct); *see also Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984) ("jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him"); and

WHEREAS, "it is well established that in deciding a motion to dismiss for lack of [personal] jurisdiction, a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003)); and

WHEREAS, the Amended Complaint (Dkt. No. 5) alleges that nearly all defendants are Texas citizens or entities, that the underlying conduct occurred in Texas, that the relevant state-court proceedings occurred in Texas, and that Plaintiff himself resides in Texas, (*see id.*); and

WHEREAS, aside from allegations concerning SIM National's headquarters in New Jersey, the Amended Complaint fails to allege meaningful contacts between the remaining

4

defendants and the State of New Jersey sufficient to support either general or specific personal jurisdiction; and

**WHEREAS**, Plaintiff's reliance upon SIM National's headquarters in New Jersey does not establish personal jurisdiction over SIM-DFW or the remaining Texas-based defendants because jurisdiction must be assessed individually as to each defendant, and a corporate affiliate's forum contacts are not automatically imputed to separate entities or individuals absent allegations supporting alter-ego status, agency, or purposeful forum-directed conduct, *see Daimler AG*, 571 U.S. at 135–39; *see O'Connor*, 496 F.3d at 317; *see Keeton*, 465 U.S. at 781 n.13; and

**WHEREAS**, the Amended Complaint alleges that SIM-DFW is a Texas nonprofit organization operating in Texas, that the underlying disputes and litigation occurred entirely in Texas, and that the challenged conduct arose from Texas-based activities unrelated to New Jersey; accordingly, the Court finds that the mere existence of SIM National's New Jersey headquarters is insufficient to establish either general or specific jurisdiction over SIM-DFW; and

**WHEREAS**, Plaintiff's conclusory allegations of conspiracy and references to civil RICO do not independently establish personal jurisdiction absent plausible allegations connecting defendants to this forum; and

**WHEREAS**, the Court therefore finds that it lacks personal jurisdiction over Defendants SIM-DFW, Gibbs, O'Bryan, Burns, Director Habersham, Director LaVoie, Judge Huff, F & L, GRSM, Garcia, and Bragalone; and

**WHEREAS**, although SIM National is headquartered in New Jersey and is therefore subject to this Court's general personal jurisdiction, Plaintiff's claims against SIM National nevertheless fail because the Complaint alleges conduct occurring almost entirely in Texas involving SIM-DFW, Texas litigation, and Texas-based actors, while pleading no non-conclusory

5

facts plausibly showing that SIM National itself directed, controlled, participated in, or ratified the challenged conduct; and

**WHEREAS,** Plaintiff may not impute the alleged actions of SIM-DFW to SIM National absent plausible allegations supporting alter-ego liability, veil piercing, or an agency relationship, none of which are adequately pleaded here, *see Daimler AG*, 571 U.S. at 135–39; *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 484–85 (3d Cir. 2001); and

**WHEREAS,** the Court further finds that transfer is not warranted because the operative allegations demonstrate that Plaintiff seeks primarily to relitigate issues already decided in Texas state proceedings and amendment would therefore be futile; and

**WHEREAS,** federal district courts are courts of original jurisdiction and may not function as appellate tribunals reviewing final state-court judgments pursuant to the *Rooker-Feldman* doctrine; and

**WHEREAS,** Plaintiff's Amended Complaint repeatedly requests relief that would effectively invalidate, overturn, or undermine Texas state-court rulings concerning Plaintiff's prior litigation conduct, sanctions, and vexatious-litigant designation; and

**WHEREAS,** to the extent Plaintiff seeks review or vacatur of Texas state-court judgments, those claims are independently barred by the *Rooker-Feldman* doctrine, including Plaintiff's claims against SIM National; and

**WHEREAS,** Judge Huff is additionally entitled to judicial immunity because the allegations against her arise exclusively from actions undertaken in her judicial capacity presiding over or administering Texas judicial proceedings; and

6

**WHEREAS**, the Court finds that Directors Habersham and LaVoie are additionally entitled to Eleventh Amendment immunity because Plaintiff sues them in their official capacities as Texas state officials and seeks relief tied directly to official state functions; and

**WHEREAS**, the Court finds that F & L, GRSM, Garcia, and Bragalone are additionally protected by litigation and attorney-immunity doctrines to the extent Plaintiff challenges litigation conduct undertaken while representing clients in Texas proceedings; and

**WHEREAS**, the Court further finds that many of Plaintiff's claims are facially untimely because the events underlying the Amended Complaint occurred primarily between 2016 and 2020, including Plaintiff's claims against SIM National; and

**WHEREAS**, Plaintiff's motions to strike and for leave to file sur-replies do not alter the jurisdictional defects identified above and are therefore denied; and

**WHEREAS**, because the Court lacks personal jurisdiction over the moving defendants (except for SIM National) and because several additional jurisdictional and immunity-based bars independently preclude relief, the Court finds that dismissal is warranted;

**CONSEQUENTLY**, for all the foregoing reasons; and for good cause shown;

IT IS this 29th day of **May 2026**, hereby **ORDERED** that:

1. SIM Defendants' Motion to Dismiss (Dkt. No. 26-1) is **GRANTED**.

2. Plaintiff's Motions to Strike (Dkt. Nos. 35, 112) are **DENIED**.

3. Plaintiff's Motion for Leave to File a Sur-Reply (Dkt. No. 129) is **DENIED as moot**.

4. Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 101) is **DENIED**.

5. Defendants Janis O'Bryan and Nellson Burns' Motion to Dismiss (Dkt. No. 75) is **GRANTED**.

6. Defendant F & L's Motion to Dismiss (Dkt. No. 76) is **GRANTED**.

7. Defendant F & L's Motion for Extension of Time (Dkt. No. 107) is **DENIED as moot**.

7

8.  Defendant Director Habersham's Motion to Dismiss (Dkt. No. 79) is **GRANTED**.

9.  Defendant Director LaVoie's Motion to Dismiss (Dkt. No. 83) is **GRANTED**.

10. Defendant Judge Huff's Motion to Dismiss (Dkt. No. 95) is **GRANTED**.

11. Defendant GRSM's Motion to Dismiss (Dkt. No. 110) is **GRANTED**.

12. Plaintiff's Motion Seeking Extension of Time and for Alternate Service (Dkt. No. 138) is **DENIED as moot.**

13. Plaintiff's Amended Complaint (Dkt. No. 5) is **DISMISSED without prejudice** and **without leave to amend**.

14. The Clerk of Court shall mark this matter **CLOSED**.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

8